IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN J. WOOD,

   Plaintiff,

  v.                 No. 20-2222-SAC-KGG

SAFECO INSURANCE COMPANY
OF AMERICA, and SHERYL A. KELLEY,

   Defendants.

MEMORANDUM AND ORDER

  The plaintiff Steven J. Wood ("Wood"), a resident of Colorado, was the passenger in a serious single-car accident occurring in Kansas on April 30, 2018. Driving the car was the defendant Sheryl A. Kelley ("Kelley"), a resident of Missouri. As alleged in the complaint, Kelley's automobile insurer at the time of the accident was Safeco Insurance Company ("Safeco"). On the same day of filing the complaint in this diversity jurisdiction case, Wood filed a complaint against the same defendants in the United States District Court for the District of Colorado ("Colorado action"). The pendency of concurrent cases in different federal jurisdictions has complicated the handling of this case and resulted in a couple motions. Additionally, the complaint alleges unusual post-accident conduct atypical for a car accident case. The plaintiff complains that the defendant "Kelley engaged in unreasonable, improper, and outrageous post-crash conduct that further harmed Wood." ECF# 1, p. 8. This post-accident conduct is the basis of several unique claims for relief in both cases.

  In the Kansas federal case, the plaintiff Wood brings eight claims for relief. Against the defendant Kelley for her operation of the car, Wood asserts claims

1

of negligence (Count One) and negligent infliction of emotional distress (Count Two). Against Kelley for her post-accident conduct, Wood claims intentional infliction of emotional distress (Count Three), invasion of privacy/intrusion upon seclusion (Count Four), and invasion of privacy/unreasonable disclosure of private facts (Count Five). Against both Kelley and Safeco for post-accident conduct taken to evade or limit liability to Wood for his claims and injuries from the car accident, Wood claims civil conspiracy (Count Six). Against Safeco, Wood brings a Colorado common-law claim of bad faith for its unreasonable denial of PIP benefits (Count Seven) and a claim for spoliation under Kansas law for not preserving the car and its black box data after the accident (Count Eight).

Before this court are the following pending motions: Safeco's motion to dismiss Counts Seven (bad-faith denial of PIP benefits under Colorado law) and Eight (spoliation) (ECF# 18), Wood's response (ECF# 31), and Safeco's reply (ECF# 34); Kelley's motion to stay or in the alternative to dismiss (ECF# 20) and Wood's response (ECF# 32); and Wood's motion to stay case (ECF# 30), Safeco's response (ECF# 33), and Wood's reply (ECF# 37). Besides reading these filings, the court also has reviewed those attached exhibits which include filings from the pending federal action in Colorado.

In the Colorado action, Wood's complaint alleges that a "substantial portion of the events or omissions giving rise" to his claims and his resulting injuries "occurred within Denver County, Colorado, where Wood resides." ECF# 18-1, p. 2-3. He asserts personal jurisdiction based on Kelley causing tortious injury in Colorado and Safeco regularly transacting business in Colorado. *Id.* at p. 3. Comparing the

Kansas complaint and the Colorado complaint, the court finds the factual allegations to be nearly identical and substantively indistinguishable with a few minor exceptions. The Colorado complaint includes factual allegations to show the plaintiff sustained injuries in Colorado and to satisfy elements for the claims unique to that complaint. While the first five counts are the same in both, as are the later counts of civil conspiracy and bad faith denial of PIP payments, the Colorado complaint lacks the spoliation count against Safeco that is found in the Kansas complaint. The Colorado complaint also has two additional counts: fraudulent conveyance against the defendant Kelley and Colorado Consumer Protection Act violations against Safeco.

**MOTIONS TO STAY**

The defendant Kelley and the plaintiff Wood move the court to stay this action because of the concurrent federal litigation in Colorado. The nearly identical cases, Kelley argues, were filed simultaneously and served simultaneously on her making the first-to-file rule less than helpful in deciding her motion. Besides the car accident happening in Kansas, Wood remained in Kansas through the first part of June receiving medical care and treatment for his injuries. Kelley observes it "makes more sense" going forward in Kansas and dismissing the Colorado suit, and she acknowledges the quandary created by Wood's refusal to dismiss in Colorado until her jurisdictional challenge there is decided. ECF# 20, ¶ 5. So, she suggests this court stay the Kansas suit until the jurisdictional challenges in the Colorado suit are resolved. Should the Colorado suit proceed, Kelley then asks the court to dismiss this action.

The plaintiff Wood joins with Kelley in asking for a stay of this action to conserve the parties' resources, to avoid the duplication of discovery, to prevent

inconsistent rulings on legal issues, and to serve judicial economy. Wood questions Kelley's jurisdictional challenge there because his suit includes her tortious activity and injuries to him in Colorado. Wood points out that judicial economy is best served by consolidating into a single federal action and hopes the parties will agree on that once there is a ruling on the jurisdiction question in the Colorado action. Wood explains his simultaneous filing of two federal actions was to preserve his rights because of the imminent expiration of the limitations period and because of the three claims he brings under Colorado law. Wood explains a stay of the Kansas action is appropriate now because the Colorado action is moving more quickly and presents a real possibility for consolidating all claims in the state of his residence assuming the court there denies Kelley's jurisdictional challenge. Wood asks the court to stay its ruling on Safeco's dispositive motion, as Safeco has filed a similar motion in Colorado, and a ruling could create the risk of inconsistent judgments, particularly since choice of law questions are involved. In short, Wood believes staying this action until Kelley's jurisdictional challenge in Colorado is resolved would not only conserve judicial resources but not prejudice any party.

      Safeco opposes a stay of the Kansas action and attaches its brief in support of its motion to stay filed in the Colorado action. Safeco posits that this dispute "involves no conduct occurring in Colorado" and, therefore, the Colorado action is jurisdictionally flawed making it appropriate for this court to proceed with this case. Interestingly, Safeco advocates for applying the "first-to-file" rule while admitting the present case does not fit the conventional circumstances and purposes behind this rule. Nonetheless, Safeco has conducted a Pacer search of the two federal

actions finding that while both cases were filed on the same day after 5 pm, the Kansas complaint was filed earlier by a couple hours making it the first-filed action and, therefore the first court to obtain jurisdiction of the parties and issues. Safeco disputes that Colorado law applies to any claims against it and that any alleged improper conduct occurred in Colorado. In Safeco's opinion, only this court has obtained jurisdiction of the parties and should proceed with handling this litigation rather than granting any stay.

In reply, the plaintiff Wood argues his preferred choice of forum is Colorado where he resides, and he favors consolidating all his claims there should the defendant Kelley's jurisdictional challenge be resolved in the plaintiff's favor. Wood notes that the parties have had two scheduling conferences in the Colorado action and have agreed there to proceed with discovery and to a scheduling order. The parties are conducting discovery there with the understanding that it could be used in the Kansas action if necessary. Wood notes that Safeco is not prejudiced by staying this action until the Colorado court resolves the jurisdictional question. Finally, Wood points out that Safeco's use of the first-to-file rule is strained in this case, as the time differential is neither significant nor particularly relevant when the plaintiff's preferred forum is Colorado. In sum, Wood asks the court to say this action and all deadlines tolled pending resolution of the defendant Kellye's jurisdictional challenge in the Colorado action.

The effort to stay this case is unique. The plaintiff simultaneously filed the concurrent federal cases to preserve his rights, and he wants to consolidate his claims and have them litigated in one court, preferably in Colorado. The parties have

5

commenced discovery in Colorado and have agreed it will be used wherever the case ultimately proceeds to disposition. The plaintiff and the defendant Kelley are not seeking an extended stay of this case but only until the federal district court in Colorado rules upon the defendant's jurisdictional challenge. After which, the plaintiff represents he will work to consolidate his claims in one federal forum.

The above unique circumstances and the defined nature and purpose of the requested stay trigger the court's discretionary power to stay proceedings and control its docket for the limited purpose of saving resources for itself, counsel and the parties. *See Struss v. Rural Community Insurance Services*, 2019 WL 1002420, at *4 (D. Kan. Feb. 29, 2019). A court balances five factors: "(1) plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to plaintiffs of a delay; (2) the burden on defendants; (3) the convenience to the court; (4) the interest of persons not parties to the litigation; and (5) the public interest." *Id*. at 5 (internal quotation marks and citations omitted). The parties' motions do not ask this court to stay this case indefinitely or to rule upon which court should handle this case to final resolution. If the moving parties had asked for that relief, this court would have employed the first-to-file analysis[1] and considered the related questions. This issue has been raised and more fully briefed before the court in Colorado. Consequently, the court understands the parties' motions as asking for a short discretionary stay to facilitate their own resolution of this forum issue.

---

[1] Even if it had considered the first-to-file rule, the court questions whether it would be the best-suited tool for resolving which case should proceed considering that the plaintiff has filed both cases on the same day with the intent of proceeding in the state of his residence if possible. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)(recognizing that "the plaintiff's choice of forum should rarely be disturbed").

6

The court finds that the factors favor this short stay as discovery continues expeditiously in Colorado. A stay here would conserve the resources of all, avoid the waste of duplication and the possibility of inconsistent results, minimize the burden upon the parties, and not prejudice any, but favor, the interests of parties. The public interest in judicial efficiency would also be served by a stay pending a disposition of the jurisdictional challenge pending in the Colorado case.

IT IS THEREFORE ORDERED that the defendant Kelley's motion to stay (ECF# 20) and the plaintiff Wood's motion to stay case (ECF# 30) are granted, and all proceedings in this case are hereby stayed pending the Colorado court's ruling on Kelley's jurisdictional challenge. Upon that ruling, the parties shall notify promptly this court and then work expeditiously together to have all claims consolidated in one court for resolution.

Dated this 25th day of November, 2020, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge