IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN J. WOOD,

        Plaintiff,

v.                                                                            No. 20-2222-SAC-KGG

SAFECO INSURANCE COMPANY
OF AMERICA, and SHERYL A. KELLEY,

        Defendants.

MEMORANDUM AND ORDER

The court stayed this diversity jurisdiction case by order filed November 25, 2020, pending the Colorado court's ruling on defendant Sheryl A. Kelley's ("Kelley's") jurisdictional challenge. ECF# 39. The order directed the parties to provide notice when this pending jurisdictional motion was decided and to "work expeditiously together to have all claims consolidated in one court for resolution." ECF# 39, p. 7. The plaintiff filed on March 3, 2021, a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(i). ECF# 40. The plaintiff's notice states that on March 2, 2021, Chief Judge Brimmer denied Kelly's jurisdictional challenge that had been pending in the Federal District Court of Colorado. ECF# 40, ¶ 5. The plaintiff also states his notice is effective and self-executing in dismissing his action without prejudice pursuant to Rule 41(a)(1)(i), because "[n]either Defendant Kelley nor Defendant Safeco Insurance Company of American have filed a motion for summary judgment in this action." ECF# 40, ¶¶ 1-2.

Rule 41(a)(1)(i) provides that, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party

1

serves either an answer **or** a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." (bolding added). This rule certainly gives a plaintiff "an absolute right to dismiss without prejudice and no action is required on the part of the court." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). Indeed, the court's only function is "'to determine . . . whether an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal.'" *Janssen*, 321 F.3d at 1000 (quoting *D.C. Electronics, Inc. v. Nartron Corp.*, 511 F.2d 294, 298 (6th Cir. 1975)("It is undisputed that at the time the notice of dismissal was filed, appellees had not served an answer or a motion for summary judgment." *Id.* at 295). Performing its limited review of a Rule 41(a)(1)(i) notice, the court finds that both defendants, Kelley and Safeco, have filed answers. ECF## 19 and 21. "Once the defendant has filed an answer **or** a motion for summary judgment, . . ., granting dismissal without prejudice becomes discretionary with the court under Rule 41(a)(2)." Milton Roberts, Annotation, *Plaintiff's right to file notice of dismissal under Rule 41(a)(1)(i) of Federal Rules of Civil Procedure*, 54 A.L.R. Fed. 214 § 17 (Cum. Supp.) (bolding added); *see Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541 (6th Cir. 2001) ("Rule 41(a)(1)(i) allows a plaintiff to dismiss a claim voluntarily, without an order of the court, before the defendant files an answer."). Therefore, the plaintiff's notice of voluntary dismissal is not legally operative, as the defendants have filed answers. The plaintiff must look to Rule 41(a)(1)(ii) or (2) in pursuing dismissal.

      IT IS THEREFORE ORDERED that the plaintiff's notice of voluntary dismissal (ECF# 40) is not legally operative.

Dated this 4th day of March, 2021, Topeka, Kansas.

                                        /s Sam A. Crow
                                        Sam A. Crow, U.S. District Senior Judge