IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN J. WOOD,

        Plaintiff,

v.                                                         No. 20-2222-SAC-KGG

SAFECO INSURANCE COMPANY
OF AMERICA, and SHERYL A. KELLEY,

        Defendants.

MEMORANDUM AND ORDER

This diversity personal injury case is one of two federal district actions filed by the plaintiff Steven Wood on April 4, 2020. The other was filed in the United District Court of Colorado and assigned to Chief Judge Philip Brimmer. Both actions arise from a serious single-car accident occurring in Kansas on April 30,2018. The defendant Sheryl Kelley, a resident of Missouri, was driving the car, and Wood, a resident of Colorado, was the only passenger. As alleged in the complaint, Kelley's automobile insurer at the time of the accident was Safeco Insurance Company ("Safeco"). The court's docket reflects two pending motions, Safeco's motion to dismiss (ECF# 18) and Kelley's Motion to Stay/Dismiss (ECF# 20).

This action is also subject to a stay order. On November 25, 2020, on the motions of the plaintiff Steven Wood and the defendant Sheryl Kelley, the court stayed this case pending the ruling of the United States District Court of Colorado's decision on Kelley's pending jurisdictional challenge. ECF# 39. The court directed the parties to "notify the promptly this court and then work expeditiously together to have all claims consolidated in one court for resolution." *Id.* at p. 7.

1

On March 3, 2021, Wood filed a notice of voluntary dismissal disclosing that Chief Judge Brimmer had denied Kelley's pending jurisdictional challenge on March 2, 2021. ECF# 40. As background for dismissal, the notice stated that this voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) was "self-executing and closes the case," because the defendants had yet to file a motion for summary judgment.  Without attaching Judge Brimmer's order, the notice quoted from it:

> 5. In his March 2, 2021 order, D. Colo. Chief Judge Brimmer stated, "The Court finds that Wood has met his burden of making a prima facie showing of personal jurisdiction with respect to defendant Kelley and will therefore deny Kelley's motion to dismiss." CO ECF No. 90 at 9. Relatedly, Defendant Safeco has no legitimate grounds to challenge jurisdiction in Colorado.

ECF# 40, p. 2. The notice further explains Wood's reasons for wanting dismissal of his Kansas action and preferring to proceed with his Colorado action. *Id*. at ¶¶ 6-7.

On March 4, 2021, this court entered a memorandum and order finding that the plaintiff's notice of voluntary dismissal was not legally operative. ECF# 41. The plain terms of Rule 41(a)(1)(A)(i) allow a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves **either** an answer **or** a motion for summary judgment." Because the defendants have filed answers, the court found the plaintiff's notice of dismissal was not legally operative. The court also pointed out the plaintiff could look to Rule 41(a)(1)(ii) or (2) for pursuing dismissal.

After the court entered its order on March 4, 2021, the defendant Safeco filed a response and attached a copy of Chief Judge Brimmer's order. ECF# 42. In it, "Safeco notes that Plaintiff's dismissal notice omitted the fact that the Colorado Court also ordered that the Colorado Action be stayed pending resolution of this

2

Kansas action. *See* Exhibit A, Colorado Order (Dist. Colo. Do. No. 91)." ECF# 42, p. 2. Chief Judge Brimmer found the conservation of resources from one proceeding and the likelihood of a more expeditious resolution available in Kansas favored the interests of the plaintiff, the witnesses, and the public. ECF# 42-2, pp. 12-13. Thus, he granted Safeco's motion to stay and stayed his case "pending resolution of the Kansas case." *Id.* at pp. 13-14.

Having received notice that the defendant Kelley's jurisdictional challenge in Colorado has been ruled upon, the court hereby lifts its order staying this case. ECF# 39. Absent other motions, the magistrate judge is encouraged to proceed forthwith in directing the parties toward meeting and establishing in orders a timely path for incorporating all discovery and related agreements from the Colorado action into this suit and for timely completing all discovery in this case.

The following motions are pending:  Safeco's motion to dismiss Counts Seven (bad-faith denial of PIP benefits under Colorado law) and Eight (spoliation) (ECF# 18), Wood's response (ECF# 31), and Safeco's reply (ECF# 34); and Kelley's motion to stay or in the alternative to dismiss (ECF# 20) and Wood's response (ECF# 32); and Wood's motion to stay case (ECF# 30), Safeco's response (ECF# 33), and Wood's reply (ECF# 37). In light of Chief Judge Brimmer's ruling, the court dismisses defendant Kelley's motion to stay/dismiss as moot. The court proceeds with ruling on Safeco's pending motion to dismiss.

The court understands from Wood's notice of dismissal that he filed an amended complaint in the Colorado action and named two new defendants, Safeco Insurance Company of Illinois and Liberty Mutual Insurance Company. Consequently, in

3

ruling on Safeco's motion to dismiss, the court expects the plaintiff will be amending his complaint to cure naming the correct party on Count VII. In ruing on the motion to dismiss, the court accepts as true the factual allegations in the complaint and draws reasonable inferences in favor of the plaintiff. *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008). The court is not obliged to accept as true a legal conclusion couched as a factual allegation. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). To survive a motion to dismiss, the complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Twombley*, 550 U.S. at 570. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

**Count VII—Bad Faith Denial of PIP Benefits**

Wood alleges he was entitled to PIP benefits under Kelley's policy and under Kansas law and submitted substantiation of his claim to Safeco for these benefits. He alleges that Safeco unreasonably denied and delayed the payment of PIP benefits, that Wood's counsel tried to resolve any issues with the claim but Safeco delayed responding and refused full reimbursement, that "Safeco knowingly and recklessly disregarded the validity of Plaintiff's PIP claims to delay payment of such claim in bad faith" (¶ 145), that Safeco later issued payment for a portion of the PIP claim when Wood's counsel complained about bad faith, and that "a common law

4

cause of action in Colorado for bad faith against the insurer" (¶ 142) exists when the insurer unreasonably denies or delays PIP benefits. ECF# 1.

In a diversity action, "the conflict-of-laws rules of the forum state" apply. *Kipling v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 1306, 1310 (10th Cir. 2014). Thus, the court applies the conflict-of-laws rules of Kansas. Safeco argues Colorado law is unavailable for the plaintiff's Count VII. Characterizing this claim as a contractual dispute, Safeco applies Kansas choice of law rules and finds that Missouri law controls because the insurance policy was delivered to Kelley at her Missouri address. "Consequently, there can be no bad faith claim asserted under Colorado common law." ECF# 18, p. 4. Safeco summarily contends that the plaintiff cannot bring Count VII under Missouri or Kansas law.

The plaintiff counters that his bad faith claim sounds in tort, not contract, and that the law to be applied comes from where the tort occurred, *i.e.*, Colorado, where he lives and has pursued full payment for expenses and losses some of which were incurred in Colorado. The plaintiff relies on *Goodson v. American Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 414 (Colo. 2004), which recognizes an action in tort for the insurer's breach of the duty of good faith and fair dealing "in unreasonably refusing to pay a claim" or delaying the payment. This decision addressed recovery of emotional distress damages for the insurer's denial of PIP claims submitted by the plaintiff Goodson and her children under the insurance policy of the named car owner, Chet Weber. Wood alternatively asserts he also has alleged a valid claim for the denial and delay of PIP benefits entitling him to attorney's fees,

5

costs and interest under Kansas law. Wood, however, does not argue that he has stated a claim for relief if the governing choice of law is Missouri.

The Kansas Supreme Court has said the party advocating another forum's law bears the burden of showing that forum's law applies and the failure to do so "may justify a default to forum law." *In re K.M.H.*, 285 Kan. 53, 60, 169 P.3d 1025 (2007), *cert. denied*, 555 U.S. 937 (2008). The Tenth Circuit has found that under Kansas law a bad faith claim against an insurer "'to establish an indebtedness outside these [policy] limits arising from a breach of the insurer's duty to exercise reasonable care and good faith in settling a claim against the insured'" is an "'action [that] sounds in contract.'" *Moses v. Halstead*, 581 F.3d 1248, 1251 (10th Cir. 2009) (quoting *Glenn v. Fleming*, 247 Kan. 296, 799 P.2d 79, 89 (1990)); *see Payless Shoesource, Inc. v. Travelers Companies, Inc.*, 569 F.Supp.2d 1189, 1195 (D. Kan. 2008), *aff'd*, 585 F.3d 1366 (10th Cir. 2009); *Mirville v. Allstate Indem. Co.*, 71 F.Supp.2d 1103, 1107 (D. Kan. 1999), *aff'd,* 10 Fed. Appx. 640, 2001 WL 280038 (10th Cir. Mar. 21, 2001). Kansas courts apply two general rules for contractual disputes taken from the Restatement (First) of Conflict of Laws (1934). *Moses* 581 F.3d at 1252 (citing *ARY Jewelers, L.L.C. v. Krigel*, 277 Kan. 464, 85 P.3d 1151, 1161 (2004); Restatement (First) of Conflicts of Laws §§ 332 and 358 (1934)).  "When the question raised by the contractual dispute goes to the substance of the obligation, Kansas courts apply the primary rule contained in section 332, *lex loci contractus*, which calls for the application of the law of the state where the contract is made. *Moses*, 581 F.3d at 1252 (citing in part *See Layne Christensen Co. v. Zurich Canada*, 30 Kan.App.2d 128, 38 P.3d 757, 766–67 (2002); Restatement (First) of Conflicts of Law § 358, Cmnt. b

6

(1934). "In cases involving insurance policies, our courts have repeatedly held the contract is made where the policy is delivered. *See, e.g., Safeco Ins. Co. of America v. Allen*, 262 Kan. 811, 822, 941 P.2d 1365 (1997) (Missouri law controlled when policy issued in Missouri) . . . ." *Layne Christensen Co.*, 30 Kan. App. 2d at 144. When the question raised in the contractual dispute "goes to the manner and method of performance . . . [then] the law of the place of performance applies." *Moses*, 581 F.3d at 1252.

In *Moses*, Allstate insured the owner of the car involved in an accident but which was operated by a third party. Allstate refused to settle a claim for uninsured motorist benefits made by a passenger in the car. This policy had been issued to the car owner in Kansas, and the passenger's offer to settle and Allstate's refusal occurred in Kansas. The passenger sued and obtained a favorable judgment in Missouri where the accident had occurred. The Missouri judgment was registered in Kansas with an order of garnishment requested against Allstate for bad faith refusal to settle. The trial court found that Missouri law applied and eventually granted judgment for Allstate as the passenger had never been assigned the bad faith claim from the insured. The Tenth Circuit discussed how Kansas state appellate panels had struggled with deciding between the two general rules for contractual disputes and noted that the Restatement recognized the same difficulty in applying these rules:

> The Restatement recognizes the difficulty in drawing a line between these concepts:
>> [T]here is no logical line which separates questions of the obligation of the contract, which is determined by the law of the place of contracting, from questions of performance, determined by the law of the place of performance. There is, however, a practical line which is drawn in every case by the particular circumstances thereof. When the application of the law of the place of contracting would extend to the

7

> determination of the minute details of the manner, method, time and sufficiency of performance so that it would be an unreasonable regulation of acts in the place of performance, the law of the place of contracting will cease to control and the law of the place of performance will be applied. On the other hand, *when the application of the law of the place of performance would extend to a regulation of the substance of the obligation to which the parties purported to bind themselves so that it would unreasonably determine the effect of an agreement made in the place of contracting, the law of the place of performance will give way to the law of the place of contracting.*
>
> Restatement (First) of Conflicts of Law § 358, Cmnt. b (1934) (emphasis added).

581 F.3d at 1252. The Tenth Circuit summarized the Kansas Court of Appeals' discussion in *Layne Christensen Co.* regarding the two rules as applied in *Novak v. Mutual of Omaha Ins. Co.*, 29 Kan.App.2d 526, 28 P.3d 1033 (2001), *rev. denied*, 272 Kan. 1419 (Oct 30, 2001), and *Aselco, Inc. v. Hartford Ins. Group*, 28 Kan.App.2d 839, 21 P.3d 1011 (2001), *rev. denied*, 272 Kan. 1417 (Sep 26, 2001), and it concluded:

> The Kansas Supreme Court has not directly addressed whether the law of place of contracting or performance governs the question whether an injured party may, under Kansas law, bring an action for negligent or bad faith refusal to settle against a tortfeasor's insurance company in a garnishment action. Therefore, we "must predict what the Kansas Supreme Court would do if faced with the issue." *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1228 (10th Cir.2009).
> Based on the foregoing analysis, we predict that the Kansas Supreme Court would agree with the reasoning of Layne Christensen Co. and hold that whether Ms. Moses has a cause of action for negligent or bad faith refusal to settle against Allstate goes to the substance of Allstate's contractual duties rather than the manner of performance under the insurance policy. Therefore, the issue is governed by the law of the place where the contract was made, in this case Kansas. Accordingly, we reverse the district court's decision applying Missouri law to this issue.

*Moses v. Halstead*, 581 F.3d at 1253–54. Thus, the Tenth Circuit has predicted that the Kansas Supreme Court would follow the law of the place of contracting on a claim alleging an insurer's bad faith refusal to settle. *Moses* precludes any notion of

8

Colorado law applying here. And if strictly followed here, *Moses* calls for Missouri law to apply.

Though not cited by the plaintiff, the court appreciates that Colorado law may "vest[] accident victims to whom PIP benefits are payable with third party beneficiary status, thereby creating a direct contractual action against the PIP insurer." *Fincher ex rel. Fincher v. Prudential Property And Cas. Ins. Co.*, No. 00-cv-2098-REB, 2007 WL 2936312, at * (D. Colo. Oct. 9, 2007) (citing *Krieg v. Prudential Property and Cas. Ins. Co.*, 686 P.2d 1331, 1334 (Colo. 1984)), *aff'd,* 374 Fed. Appx. 833 (10th Cir. Aug. 20, 2010). The accident here, however, did not occur in Colorado, and PIP coverage is not subject to an insurance policy issued under Colorado law. Indeed, the plaintiff alleges in his complaint that he is "entitled to PIP benefits from Safeco under Kansas law and Kelley's insurance policy." ECF# 1, ¶ 135. The Kansas Automobile Injury Reparations Act ("KAIRA") "mandates automobile liability insurance which provides first-party coverage for personal injury protection (PIP) benefits for an insured injured in an automobile accident." *Jerby v. Truck Ins. Exchange,* 36 Kan.App.2d 199, 205, 138 P.3d 359 (2006). The plaintiff is seeking coverage as a first-party insured under KAIRA, K.S.A. § 40-3109(a)(3). Thus, this is not an instance of any contract being performed in Colorado.

In sum, count seven fails to state a claim for relief insofar as Colorado law is inapplicable here. The court will grant the plaintiff an opportunity to file a motion to amend his complaint as to allege the facts to support a legal basis for bringing such a claim under Kansas or Missouri law. Until that is done, the court will not address whether such a claim can be brought under the law of either state.

**Count VIII—Spoliation**

Wood alleges that Safeco was on notice that he may pursue litigation based on this accident and that Safeco and its affiliates had a duty to preserve all information and evidence within its possession or control related to the accident including the car and its "black box data." Instead of preserving the vehicle and data, Safeco knowingly, intentionally and with malice permitted the vehicle and data to be lost and destroyed. The loss of this evidence impeded the plaintiff's ability to investigate and pursue all claims from the accident.

Safeco seeks dismissal arguing Kansas law recognizes no general duty to preserve possible evidence for a party to bring a future legal action against a third party, and instead, requires "some special relationship or circumstance" giving rise to a "duty to preserve evidence for the benefit of another." ECF# 18, p. 6 (quoting *Koplin v. Rosel Well Perforators, Inc.*, 241 Kan. 206, 210, 734 P.2d 1177 (1987) (no common-law duty to preserve evidence). "It is fundamental that before there can be any recovery in tort there must be a violation of a duty owed by one party to the person seeking recovery." *Id*. at 212. Though Wood alleges his counsel sent written correspondence to Safeco reminding it of the duty to preserve all information and evidence, Wood fails to allege that Safeco ever agreed to preserve evidence. There needs to be an agreement or an affirmative act or undertaking to indicate a willingness to preserve evidence. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 897, 259 P.3d 885 (2011). Safeco further argues that Wood does not allege an independent cognizable tort to support a claim for spoliation or any special relationship with him. Safeco denies that there is any general duty or industry

standard giving rise to a legal duty to preserve evidence here. And even if Wood could allege such a duty, he has failed to allege any prejudice to the prosecution of his claims here.

In response, Wood clarifies that the loss of the vehicle and data box interferes with his ability to bring claims against the vehicle's manufacturer and against the defendant Kelley, but not against Safeco. Wood does not allege how the loss of the car and data box could be to Safeco's advantage. Wood proposes three possible sources for Safeco's duty here to preserve evidence.

First, he cites case law from Maryland and New York for a duty to preserve when a person has been placed on notice that evidence is relevant to litigation or when the parties should have known the evidence could be relevant to anticipated litigation. *Broccoli v. Echo Star Communications Corp.*, 229 F.R.D. 506, 510 (D. Md. 2005) (citing *Zubulake v. UBS Warburg LLC*, 2000 F.R.D. 212, 217-18 (D.D.N.Y. 2003)). *Broccoli* is an employment discrimination case in which the plaintiff sought sanctions against the employer for failing to preserve employment-related records. The trial court found for plaintiff, gave an "adverse inference" instruction to jury, and granted costs and fees as a Rule 37 discovery sanction. This case does not lay out a legal duty giving rise to independent tort claim for spoliation. Instead, it discusses an employer's duty to preserve employment related records when the employer has reason to anticipate an employee may have a Title VII claim against the employer. Not only is this case law factually distinguishable on obvious grounds, first-party and not third-party litigation, it does not supply a legal duty cognizable here consistent with Kansas law. *See Nkemakolam v. St. John's Military School*, 890

11

F.Supp.2d 1260, 1265 (D. Kan. 2012) ("Acknowledging awareness of this [that "parties to litigation are routinely 'informed not to destroy any evidence,'"] is not, in and of itself, sufficient to establish the kind of duty necessary to create an independent cause of action for spoliation.").

Second, Wood points to the Kansas Supreme Court in *Koplin* reserving the possible tort of spoliation claim when "the defendants or potential defendants in in the underlying cases destroyed the evidence to their own advantage." 241 Kan. at 213. Under this possible exception, Wood says he has "alleged facts [that] give rise to a cognizable claim of negligent or intentional interference with a prospective civil action by spoliation of evidence." ECF# 31, pp. 8-9. This conclusory argument does not show his alleged claim to be outside the general holding in *Koplin*. His complaint is devoid of any allegation about how the loss of the car and data box would be to Safeco's advantage. He does not suggest in his brief that he can allege this circumstance. Instead, the plaintiff only argues the lost evidence precludes his claims against manufacturers and may prejudice his case against Kelley in depriving him of additional evidence. The court finds no Kansas law to support a claim for tort of spoliation on these alleged facts.

In *Koplin*, the Court emphasized the third-party character of the litigation by holding that, "[t]o adopt such a tort and place a duty upon an employer to preserve all possible physical evidence that might somehow be utilized in a third-party action [here a product liability action against the clamp manufacturer and distributors] by an injured employee would place an intolerable burden upon every employer." 241 Kan. at 212. The employee's claims under workers' compensation

laws did not trigger such a duty, and there were no "special circumstances or relationships" to create a duty to preserve the clamp. *Id*. at 213. "We conclude that absent some independent tort, contract, agreement, voluntary assumption of duty, or special relationship of the parties, the new tort of "the intentional interference with a prospective civil action by spoliation of evidence" should not be recognized in Kansas." *Id*. at 215. The holding in *Koplin* precludes finding a duty to preserve evidence on the facts as alleged by Wood.

Finally, Wood asserts his "status as a catastrophically injured permissive passenger in the insured vehicle" as creating a special relationship with Safeco and a corresponding duty to preserve evidence as a "matter of public policy." ECF# 31, p. 9. Wood does not assert any legal authority for his position, and his only argument is that without such a duty then Safeco would be "free to lose, alter, or destroy all vehicles involved in crashes before giving injured parties a reasonable opportunity to inspect, to take photos, and to copy the black box data." *Id*. The plaintiff comes forward with no legal authorities or arguments for believing such a relationship would be recognized under Kansas law as creating a duty to preserve evidence. The plaintiff does not allege evidence of Safeco agreeing or actual undertaking to preserve the vehicle and black box. *Superior Boiler Works, Inc*., 292 Kan. at 897. The Kansas Supreme Court in *Superior Boiler Works, Inc*. discussed what special relationships could give rise to this duty to preserve evidence, and none of them resemble what Wood is arguing here. 292 Kan. at 898. Most jurisdictions fail to recognize an actionable claim for spoliation of evidence against an insurance company for not preserving evidence from an accident scene for third-party litigation. *See Johnson v*.

13

*Liberty Mut. Fire Ins. Co.*, 653 F.Supp.2d 1133, 1138-39 (D. Colo. 2009), *aff'd* 648 F.3d 1162 (10th Cir. 2011). The court denies the plaintiff's request to await dismissal until discovery is conducted on what has happened to the vehicle and the black box. In its ruling, the court accepted the plaintiff's allegations as true, and discovery will not change the court's finding that Kansas law does not recognize a duty on Safeco to preserve evidence on the facts as alleged. Count eight is dismissed for failure to state a claim for relief.

IT IS THEREFORE ORDERED that Kelley's motion to stay/dismiss (ECF# 20) is denied as moot;

IT IS FURTHER ORDERED that Safeco's motion to dismiss Counts Seven (bad-faith denial of PIP benefits under Colorado law) and Eight (spoliation) (ECF# 18) is granted, but the plaintiff may seek leave to amend Count Seven.

Dated this 17th day of March, 2021, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge