IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN J. WOOD,

    Plaintiff,

v.                                                                  No. 20-2222-SAC-KGG

SAFECO INSURANCE COMPANY
OF AMERICA, and SHERYL A. KELLEY,

    Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff Steven J. Wood's ("Wood's") motion for voluntary dismissal. ECF# 50. This diversity personal injury case is one of two federal district court actions, this one in Kansas and other in Colorado, filed by the plaintiff Steven Wood on April 4, 2020. Both actions arise from the same serious single-car accident that happened in Kansas on April 30, 2018. The defendant Sheryl Kelley ("Kelley"), a resident of Missouri, was the driver of the car owned by Kelley, and Wood, a resident of Colorado, was its only passenger. As alleged in the complaint, Kelley's automobile insurer was Safeco Insurance Company ("Safeco"). The court's docket shows two pending motions, the plaintiff Wood's motion for voluntary dismissal (ECF# 50) and the defendant Kelley's motion to enforce settlement (ECF# 51).

The court earlier stayed this case for a decision by the United States District Court of Colorado on Kelley's motion to dismiss for lack of personal jurisdiction pending there. ECF# 39. The Colorado court denied Kelley's motion, but it also granted Safeco's motion to stay the Colorado case until the Kansas case is

1

resolved. Preferring to proceed in Colorado where he resides, the plaintiff Wood began his efforts to dismiss this federal action in Kansas. First, he attempted to dismiss this Kansas action by filing a simple notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1()i). ECF# 40. On March 4, 2021, this court ruled the plaintiff's notice of voluntary dismissal was not legally operative, because the defendants had filed answers. ECF# 41. The court pointed out that the plaintiff would need to look at Rule 41(a)(1)(ii) or (2) for pursuing dismissal.

Safeco filed a response to Wood's notice of voluntary dismissal after the court's order of March 4, 2021. ECF# 42. It attached a copy of the Colorado federal district court's order granting Safeco's motion to stay the Colorado case. ECF# 42-2. The court's principal reasons for staying the Colorado action were that one proceeding would conserve resources and that the Kansas forum would be more likely to bring an expeditious resolution and, therefore, would favor the interests of the plaintiff, the witnesses, and the public. ECF# 42-2, pp. 12-13. For these reasons, the Colorado court stayed that case "pending resolution of the Kansas case." *Id.* at pp. 13-14.

The court waited almost two weeks before filing its next order on March 17, 2021. ECF# 43. The court thereby lifted its stay of the case so the magistrate judge could "proceed forthwith in directing the parties toward meeting and establishing in orders a timely path for incorporating all discovery and related agreements from the Colorado action into this suit and for timely completing all discovery in this case." ECF# 43, p. 3. It also denied as moot the defendant Kelley's motion to stay/dismiss (ECF# 20). *Id*. It further decided the defendant Safeco's

2

pending motion to dismiss (ECF# 18). The plaintiff's Count VII of bad-faith denial of PIP benefits under Colorado law was dismissed insofar as Colorado law was found to be inapplicable here but without prejudice to the plaintiff seeking leave to amend his complaint to allege facts supporting a legal basis for bringing such a claim under Kansas or Missouri law. *Id.* at p. 9. The court also dismissed Wood's Count VIII of spoliation finding that Kansas law would not recognize Safeco to have a legal duty to preserve evidence on the facts as alleged by Wood. *Id.* at 14.

The Magistrate Judge has since entered the initial order setting the scheduling conference on March 22, 2021, (ECF# 44), a requested and agreed protective order on April 26, 2021, (ECF# 47), and a scheduling order as amended (ECF## 48 and 49) on May 4, 2021, after a scheduling conference. The scheduling order states that the "[p]laintiff intends to file a motion to dismiss so the case can proceed in the District of Colorado. This motion will be contested. That motion shall be filed by May 7, 2021." ECF# 49, p. 9.

The plaintiff Wood timely filed his motion for voluntary dismissal on May 7, 2021. ECF# 50. He seeks dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) so that he "may proceed with all his related multi-state claims in his preferred home forum of Colorado." ECF# 50, p. 1. He contends numerous circumstances justify dismissal notwithstanding the Colorado court's order staying the case. There is no ongoing question over jurisdiction being proper in Colorado. While the accident occurred in Kansas, no party resides in Kansas. During the early stages of this case and during its stay, the parties proceeded with discovery in the Colorado case with the presiding magistrate judge conducting hearings and becoming quite

familiar with the parties' facts and respective positions. Before the Colorado district judge stayed that case, the magistrate judge had already offered his services for a settlement conference. The plaintiff filed an amended complaint in the Colorado suit adding and serving two newly named defendants which are not yet named in the Kansas action. The plaintiff's Colorado amended complaint not only alleges conduct occurring and/or having an impact in Colorado, but it uniquely asserts several causes of action involving violations of Colorado law. The plaintiff summarizes his claims under Colorado law unique to his amended complaint as including: Counts IV, V, and VII (violations of Colorado Data Privacy Act), Count IV (fraudulent conveyance under Colorado statute), Count VIII (Colorado common law action for unreasonable denial and delay in PIP benefits), Count IX (Colorado statutory bad faith action for unreasonable denial and delay in PIP benefits), and Count X (violations of the Colorado Consumer Protection Act). His damage claims also include seeking relief for medical treatment and services performed and to be performed in Colorado, the lost income from his Colorado career as a real estate broker, and the denial of PIP benefits pursued while he lived in Colorado to cover costs and losses that he incurred in Colorado. Thus, he argues that he "would be substantially prejudiced" by litigating in Kansas when Colorado law is applicable and his damages are so connected to his residence and former work in Colorado. *Id*. Mr. Wood explains he "would suffer undue financial, physical, and emotional burden" by litigating in Kansas. *Id*. The plaintiff represents that his "complex medical needs and precarious condition" make it "unlikely that [he] . . . would receive medical approval to travel away from his Colorado medical providers for the extended time and stress required for a trial

4

appearance in Kansas." *Id*. at p. 10. His Colorado medical providers/witnesses would be burdened by travel to Kansas City for trial. He denies the defendants would suffer any legal prejudice from "a voluntary dismissal of this action to proceed to the agreed upon settlement conference in Colorado." *Id*. at p. 2.

Fed. R. Civ. P. 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (internal quotation marks and citation omitted). A court normally should grant a dismissal without prejudice under Rule 41(a)(2) "[a]bsent 'legal prejudice' to the defendant." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997), *cert. denied*, 522 U.S. 1052 (1998). "Prejudice does not arise simply because a second action has been or may be filed against the defendant, . . . , which is often the whole point in dismissing a case without prejudice." *Brown*, 413 F.3d at 1124 (citation omitted). Instead, prejudice comes from "practical factors, including: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation." *Brown*, 413 F.3d at 1124 (internal quotation marks and citation omitted. This list of factors is not exhaustive, and a court may consider other circumstances unique to a case. *Id*. The court's task is "to insure substantial justice is accorded" all parties, considering "the equities not only facing the defendant[s], but also those facing the plaintiff." *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (internal quotation marks and citation omitted). Thus, it's fair to say that a "district court is cloaked with wide discretion in evaluating whether dismissal is

5

appropriate given the unique circumstances presented by any given case" and given that the exercise of this discretion is abused only if "'arbitrary, capricious, whimsical, or manifestly unreasonable.'" *Morden v. XL Specialty Insurance Co.*, 315 F.R.D. 676, 679 (D. Utah 2016) (citing and quoting *Brown,* 413 F.3d at 1124).

The court is persuaded by Mr. Wood's explained justification for dismissal and by his reasons summarized above. There is little question that his first preference always has been to litigate in one forum and preferably in Colorado where he resides and receives his ongoing medical care and treatment for what appears to be serious physical and mental needs. This court noted in a prior order. "[T]he plaintiff has filed both cases on the same day with the intent of proceeding in the state of his residence if possible. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 5089 (1947)(recognizing that the 'plaintiff's choice of forum should rarely be disturbed.')." ECF# 39, p. 6, n. 1. The current circumstances of the case do not seriously question or weaken the importance and applicability of this precept.

Contrary to what the defendants argue, the plaintiff does not appear to be forum shopping here. It's true that if his counsel had filed a single federal action in Colorado, the plaintiff would be litigating today where he wants to be, as the Colorado court has denied the defendant Kelley's personal jurisdiction challenge. This does not turn, however, the plaintiff's apparent reasons for filing the second federal action in Kansas or his allegations in his Kansas complaint into grounds for disqualifying him from now seeking its dismissal and pursuing relief in his preferred forum of Colorado.

6

Upon the plaintiff's filing of the two federal actions, the defendants too began filing motions seeking to proceed only in one forum, namely Kansas. Not only did the defendant Safeco seek to stay the Colorado action, but it filed a motion to dismiss certain counts (ECF# 18) in this court to establish a legal ruling that it would want to preserve. The defendant Kelley, however, filed her motion to stay the Kansas case. ECF# 20. In her motion, Kelley said it "makes more sense" to proceed in Kansas, but she agreed that the Kansas action should be stayed "until it is determined how and whether the Colorado suit will be disposed of." *Id*. at ¶ 5. Kelley also acknowledged that "if it is determined the Colorado suit should go forward against Defendants, this suit should be dismissed." *Id*. at ¶ 7. The plaintiff Wood followed up with his own motion to stay this case seeking the same relief as Kelley. ECF# 30. This court then stayed this case for the limited purpose of saving resources for itself, counsel, and the parties. ECF# 39. In so doing, the court only stayed the action "pending a disposition of the jurisdictional challenge pending in the Colorado case" and noted that "discovery continues expeditiously in Colorado." *Id*. at p. 7.

While all would have benefitted if there had been agreement on a single forum rather than waiting for the courts' rulings, the litigious positions taken by both sides contributed to the situation in which we find ourselves. Additionally, the Colorado court chose to decide at the same time the personal jurisdiction motion of the defendant Kelley and Safeco's motion to stay the Colorado case. This approach denied Kelley the chance to seek dismissal of his Kansas action before the Colorado stay. Safeco's motion to stay in the Colorado case created this possibility. The parties do not argue whether the plaintiff should have anticipated this possibility and was

diligent in addressing it. Nonetheless, the court's reading of the Colorado court's decision does not suggest that it's findings or conclusions necessarily preclude or prejudice the plaintiff from timely exercising his right to seek dismissal of his Kansas action and from being granted a dismissal so long as the defendants will not suffer plain legal prejudice from it.

The standards governing dismissal here are not the same as those standards governing the Colorado court's decision to grant Safeco's motion to stay. Thus, the court does not deem its ruling on the plaintiff's motion to dismiss as amounting to an "appellate review" or to something triggering judicial comity of the Colorado court's stay order. The court here is not questioning the Colorado court's finding on the likelihood of a more expeditious resolution in Kansas. Instead, the court here is concerned with whether the relevant factors show legal prejudice to the defendants from the plaintiff dismissing and proceeding in the forum he always preferred even if that forum is busier and potentially slower.

Nothing argued by the defendants convinces the court that the plaintiff delayed excessively or lacked diligence in bringing his motion to dismiss. Once the Colorado court found that it had personal jurisdiction of the defendant Kelley, the plaintiff immediately began his efforts to seek dismissal, first wrongly and then rightly. The court does not find the time passing before the plaintiff filed his Rule 41(a)(2) motion to be excessive or to be lacking diligence. It is certainly true that this court proceeded to rule on Safeco's motion to dismiss during that period. This motion, however, had been long pending, and a ruling upon it had been stayed due to the defendants' efforts in the Colorado court. More importantly, the circumstances of

this case, as discussed above, show the plaintiff is not seeking now to dismiss primarily to avoid an adverse decision in this court. Proceeding in Colorado has always been the plaintiff's aim. As for the court's ruling here on Count Seven (bad faith denial of PIP benefits under Colorado law), it only went so far as to decpide that this claim sounded in contract under the conflicts-of-laws rules of Kansas and, therefore, the plaintiff was "seeking coverage as a first-party insured under KAIRA, K.S.A. § 40-3109(a)(3)" and not under "any contract being performed in Colorado." ECF# 43, p. 9. This court did not decide whether the plaintiff could pursue a tort claim of bad faith denial in a Colorado forum under its choice of law provisions. While proceeding in Colorado may give the plaintiff the opportunity to litigate this separate question, the court does not agree with the defendant Safeco that this rises to plain legal prejudice.

The present stage of litigation does not weigh against dismissal. The defendant Kelley's pending motion to enforce settlement can be easily filed in the Colorado action at minimal additional cost. The court's docket here does not show the parties have engaged in substantial proceedings that will be duplicative and unnecessary and that will have no relatable worth to the Colorado case.

Safeco asks the court to condition dismissal upon reimbursement of its reasonable costs and fees in defending this action. Specifically, Safeco wants to be reimbursed for its costs and fees in prevailing on the bad faith claim that the plaintiff may seek to litigate again in the Colorado court. Safeco alternatively asks that the dismissal be curatively conditioned upon a dismissal with prejudice consistent with

9

this court's ruling as to the plaintiff's bad faith claim and spoliation of evidence claim.

Rule 41(a)(2) vests a court with the discretion to dismiss an action without prejudice on terms considered proper. *See American Nat. Bank and Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). "The district court, however, should impose only those conditions which actually will alleviate harm to the defendant." *Id.* (citation omitted). The court here shall condition dismissal on these conditions.

Just as the parties agreed to use the discovery conducted in the Colorado case here, so all discovery conducted here shall be used as allowed in the Colorado case. The court denies Safeco's request for costs and fees in defending this action, as many of those costs and fees appear attributable to its strategy of keeping the plaintiff from pursuing his action in Colorado. As for prevailing on its motion to dismiss, the court agrees that the time and work expended by the parties leading to that order should preclude the parties from relitigating those issues specifically decided in that order. The court's ruling on the plaintiff's claim of bad faith denial of PIP benefits under Colorado law, however, was quite narrow and was exclusively based on applying Kansas choice of law rules. Therefore, the court will not grant Safeco's argued term of dismissal on the bad faith denial of PIP benefits claim. Such a term would not prevent or alleviate any harm to the defendant Safeco, as further litigation on this claim in Colorado will turn on the choice of law rules applicable there. Indeed, the plaintiff indicates this matter has already been briefed in the Colorado action.

On the other hand, the court does find that Safeco would be harmed if the plaintiff were to litigate again his tort claim for spoliation alleged under Kansas law. The plaintiff apparently has not responded to Safeco's position that dismissal of Count VIII (the tort of spoliation under Kansas law) should be with prejudice. The court will condition granting voluntary dismissal without prejudice upon the plaintiff agreeing that Count VIII (spoliation under Kansas law) is dismissed with prejudice pursuant to the court's order (ECF# 43). With this notice, the court will provide the plaintiff a reasonable time to withdraw its motion for voluntary dismissal without prejudice to show its refusal of the court's imposed conditions that all discovery conducted here shall be used as allowed in the Colorado case and that dismissal of Count VIII (the tort of spoliation under Kansas law) is with prejudice.

IT IS THEREFORE ORDERED that Wood may file a timely statement indicating his acceptance or refusal of the court's terms of voluntary dismissal without prejudice no later than July 14, 2021. If Wood has not withdrawn his motion for voluntary dismissal (ECF# 50) by July 14, 2021, the plaintiff's motion for voluntary dismissal without prejudice is granted effective July 15, 2021 on the above stated terms. If Wood withdraws his motion, then this order will be without effect, and the parties will be expected to proceed with all other scheduling order deadlines in a timely and efficient manner.

Dated this 2nd day of July, 2021, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge